**FILED**
NOV 21 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Marlon Terrell Pratt Bey, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 12 1892 |
| State of Minnesota *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).



3

Plaintiff, a resident of Minneapolis, Minnesota, sues the State of Minnesota, high-level Minnesota officials, and a Minnesota state judge, for what appears to be prosecutions brought against plaintiff. The complaint is incoherent and, thus, provides no notice of a claim. Furthermore, the complaint states no basis for federal court jurisdiction since the Eleventh Amendment to the U.S. Constitution immunizes a state from suit in federal court, unless immunity is expressly waived.[1] *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327-28 (D.D.C. 1986) (citing cases). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: November 19, 2012

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

2